UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALEXANDER J. S. R.,[1]

            Petitioner,

    v.

WARDEN OF THE CALIFORNIA CITY
CORRECTIONAL CENTER, et al.,

            Respondents.

No. 2:26-cv-01328-TLN-AC

A# 245-604-087

**ORDER**

This matter is before the Court on Petitioner Alexander J. S. R.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition").  (ECF No. 1.)  Respondents filed an omnibus response and Motion to Dismiss.  (ECF No. 7.)  Petitioner did not reply.  For the reasons set forth below, the Motion to Dismiss is DENIED, the Petition is GRANTED, and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

[1]    The Court omits Petitioner's full name to protect sensitive personal information.  *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.   FACTUAL BACKGROUND

This matter arises out of Petitioner's challenge to his civil immigration detention. Petitioner is not a U.S. citizen, but he is an asylum applicant in this country and he has been living in the United States for over two years. (ECF No. 1 at 4–5.) Petitioner first entered the United States in December 2023. (*Id.*; ECF No. 7-1 at 2.) Petitioner presented himself to U.S. Border Patrol to seek asylum. (ECF No. 7-1 at 2.) He was taken into custody and Border Patrol processed him, instituted removal proceedings, then released him on his own recognizance. (ECF Nos. 1 at 20; 7-1 at 2.)

In the last two years, Petitioner has applied for asylum, obtained government authorization to work (valid through 2030), and secured gainful employment. (ECF No. 1 at 5.) He is the sole financial provider for his wife, three stepchildren, and his mother. (*Id.* at 5, 6.)

Petitioner asserts he has no criminal history; he has never been charged with a crime.[2] (ECF No. 1 at 5.) There is no order of removal for Petitioner. (*Id.* at 15–16.)

On March 23, 2026, local law enforcement stopped Petitioner in his vehicle. (*Id.* at 5.) As a result of the traffic stop, law enforcement contacted U.S. Immigration and Customs Enforcement ("ICE") to detain Petitioner. (*Id.*) He was eventually transferred to the California City Corrections Center, where he is now detained. (*Id.* at 5, 14.)

In nearly a month of detention, Petitioner has never been afforded a bond or custody determination hearing as to his detention. (*Id.* at 2.) Petitioner now challenges the lawfulness of his civil immigration detention without a hearing. (ECF No. 1.)

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas

---

[2]   Respondents' Form I-213 states Petitioner has been arrested for traffic violations. (ECF No. 7-1 at 2.)

2

corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   ANALYSIS

Petitioner claims his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause.  (ECF No. 1 at 8.)  The Court addresses each claim.

### A.   Immigration and Nationality Act

Petitioner alleges that his detention without a bond hearing violates the INA, 8 U.S.C. §1226(a).  (ECF No. 1 at 7.)  Respondents contend Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  (ECF No. 7 at 1–2.)

Under the INA, 8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal."  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).  Section 1226(a) provides the Government broad discretion whether to release or detain the individual and it provides several layers of review for an initial custody determination.  *Id.*  It also confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change."  *Id.* at 1202.  Additionally, § 1226(a) authorizes discretionary detention upon issuance of an administrative warrant.

Conversely, 8 U.S.C. § 1225(b)(2) mandates detention during removal proceedings for "applicants for admission" who are "seeking admission" and does not provide for a bond hearing.

Until the U.S. Department of Homeland Security changed its policy in July 2025, the Government consistently applied § 1226(a), not § 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.

The vast majority of courts across this Circuit, including this one, have repeatedly rejected

Respondents' argument on the applicability of § 1225(b)(2) to persons like Petitioner who reside in the United States. *See Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position and collecting cases). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).

In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases). Indeed, "Respondent recognizes that the majority of judges in the Eastern District of California have accepted Petitioner's arguments" as to detention authority. (ECF No. 7 at 1.)

For these reasons and consistent with this Court's numerous prior rulings, the Court finds Petitioner is not an applicant for admission subject to mandatory detention under § 1225(b)(2). Rather, Petitioner's detention is governed by § 1226(a) and he is entitled to the process required by that provision including a bond hearing, at minimum.

Yet, Respondents have not provided Petitioner any such bond or custody hearing in nearly a month of detention. Additionally, there is no evidence in the record that Respondents had a valid warrant for Petitioner's arrest.[3] *See Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a).") (emphasis in original). Therefore, Respondents violated

---

[3]    On April 7, 2026, the Court ordered Respondents to file, *inter alia*, "any custody warrants or notices" for Petitioner. (ECF No. 5.) Respondents did not provide any warrants or notices for the arrest contested in the instant proceeding. (*See* ECF No. 7.)

§ 1226(a) of the INA.

### B.     Fifth Amendment Procedural Due Process

Petitioner also alleges his detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 8.)  The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas,* 533 U.S. at 693.  These due process rights extend to immigration proceedings and detention.  *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### i.  Liberty Interest

As for the first step, the Court finds Petitioner has a protectable liberty interest. "[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'"  *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause."  *See Rico-Tapia v. Smith*, No. 25-CV-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025).  Liberty interest may be strengthened over time.  *See, e.g., Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

Petitioner has a clear liberty interest here.  *See Rico-Tapia v. Smith*, No. CV 25-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) (noting "[e]ven where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause").  He has resided in the United States for over two

5

years, where he lives, works, and supports his family.  Moreover, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release]." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (quoting *Morrissey*, 408 U.S. at 482) (modifications in original); *see also Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025) ("[A] noncitizen released from custody pending removal proceedings has a protected liberty interest in remaining out of custody.").  Indeed, the government provided Petitioner with work authorization to support his liberty.  As Petitioner notes, his "detention stands in stark contradiction to the government's own determination that he is eligible to live and work productively in the community."  (ECF No. 1 at 1–2.)

In opposition, Respondents argue Petitioner has no right to freedom because his detention is mandated by statute.  (ECF No. 7 at 2 (citing *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953), *reaffirmed in DHS v. Thuraissigiam*, 591 U.S. 103, 139 (2020)).)  However, "*Thuraissigiam*'s discussion of due process is necessarily constrained to challenges to admissibility to the United States" and "[t]he Court answered no broader question." *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1171–72 (W.D. Wash. 2023).  *Thuraissigiam* "does not foreclose . . . due process claims which seek to vindicate a right to a bond hearing with certain procedural protections." *Id.* at 1172.  Moreover, even if Petitioner is removable, or his liberty is revocable, he is still entitled to safeguards throughout those processes.  *See Hernandez*, 872 F.3d at 993; *Zadvydas*, 533 U.S. at 693; *Rico-Tapia*, 2025 WL 2950089, at *8.

In any event, Petitioner is not an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2), rather he is subject to discretionary action under § 1226(a), as discussed above.  Thus, Petitioner maintains his liberty interest protected by due process.  The Court next turns to the procedural safeguards that were owed to Petitioner.

ii.  *Procedures Required*

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an

6

erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondents' actions detaining him. Despite his interest in maintaining his liberty, Petitioner has now been detained for nearly a month, after an arrest without proper authority and without any opportunity to be heard as to the justification of his detention. He is unable to work and support his family. Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention. *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received any process, either pre- or post-detention. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process. *Zadvydas*, 533 U.S. at 690. Where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994. Here, Petitioner is not subject to any order of removal; his immigration proceedings are still pending. Petitioner asserts, and Respondents do not dispute, that he has never been convicted of a crime. Moreover, Respondents do not contend that Petitioner is a danger or a flight risk. Indeed, immigration authorities would have found that Petitioner was not a danger or a flight risk in order to release him from custody in 2023. Without any showing of a legitimate interest to detain Petitioner, the Court finds there is a serious likelihood Petitioner was erroneously deprived of his liberty interest. Without any procedural safeguards, the probative value of additional procedural safeguards is high. *R.D.T.M.*, 2025 WL 2617255, at *4.

Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Although the Court recognizes the government's interest in immigration enforcement, that interest does not outweigh all procedural safeguards. Notice and custody determination hearings are routine processes for Respondents. Any delay in detention (if justified) for the time to provide notice and a hearing would have been minimal. It would also be less of a fiscal and administrative burden for Respondents to return Petitioner home to await a determination on his immigration proceedings than to continue to detain him. *See Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) ("[T]he Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.").

The Court finds that, under these circumstances, Respondents were required to provide notice and a pre-deprivation hearing. The United States Supreme Court "usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). The Court describes post-deprivation remedies as the "special case" where those are "the only remedies the State could be expected to provide." *Id.* at 129. Respondents have not provided any substantive opposition to the contrary, nor do they argue that Petitioner should be a "special case." (*See generally* ECF No. 7.)

Yet, Petitioner was not provided any notice or warrant, nor was he given a pre-deprivation hearing. Neither have Respondents provided a post-deprivation hearing in nearly a month of detention. Therefore, Respondents violated the Fifth Amendment and Petitioner's procedural due process rights.

**IV.   CONCLUSION[4]**

Petitioner is detained in violation of the U.S. Constitution and federal law and he must be

---

[4] Respondents request the Court hold this case in abeyance until the Ninth Circuit rules on *Rodriguez Vasquez v. Bostock*, 779 F.Supp.3d 1239 (W.D. Wash. 2025), which may have precedential effect on one issue in case. (ECF No. 7 at 2.) The Court declines to delay relief on the prospective chance a pending appeal could change the outcome of one issue.

released.  Accordingly, IT IS HEREBY ORDERED:

1.  Respondents' Motion to Dismiss (ECF No. 7) is DENIED.

2.  The Petititon for Writ of Habeas Corpus (ECF No. 1) is GRANTED.[5]

3.  Respondents must IMMEDIATELY RELEASE Petitioner Alexander J. S. R. (A# 245-604-087) from custody under the same conditions he was released prior to his current detention.  Respondents shall not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.  At the time of release, Respondents must **provide a copy of this Order to Petitioner** and return all of Petitioner's documents and possessions.

4.  **Respondents must file a notice of compliance with this Order by April 17, 2026.**

5.  To avoid further irreparable harm and protect the public interest, Respondents are ENJOINED and RESTRAINED from re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs his constitutionally protected interest in remaining free from detention.  *Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

6.  **The Clerk is directed to serve the California City Corrections Center with a copy of this Order.**

7.  The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

//

---

[5]    Petitioner also seeks an award of attorney's fees and costs under the Equal Access to Justice Act.  (ECF No. 1 at 9–10.)  The Court will consider any timely filed request for fees and costs on a properly noticed and supported motion.

9

Date: April 15, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE